MacFADDEN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. November 9, 1908.)

No. 15.

1. POST OFFICE (§ 49*) — OFFENSES AGAINST POSTAL LAWS — MAILING OBSCENE MATTER.

A conviction for sending an obscene, lewd, and lascivious publication through the mails, in violation of Rev. St. § 3893 (U. S. Comp. St. 1901, p. 2658), *held* sustained by the evidence submitted to the jury by proper instruction. The test is the tendency to corrupt and deprave the minds of those who are open to such influences.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 49.*]

2. CRIMINAL LAW (§ 826*)—REQUESTS TO CHARGE—WHERE PRESENTED TOO LATE OR COVERED BY THE GENERAL CHARGE—REFUSAL OF.

Where requests to charge are many in number and presented so late that they cannot be properly examined by the trial judge, it justifies the refusal of them as a whole; and this is particularly the case when the instructions asked, with one or two exceptions, fully covered by the general charge, were such as the court could not be expected to give.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2008; Dec. Dig. § 826.*]

In Error to District Court of the United States for the District of New Jersey.

Henry M. Earle, for plaintiff in error.

Walter H. Bacon, Asst. U. S. Atty., opposed.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

PER CURIAM. The defendant was convicted upon sufficient evidence, after a correct and adequate charge, which is practically all that we need to know or say. The story on which the conviction is based, if not the magazine in which it appears, of which the defendant is the editor in chief and responsible head, is suggestively lewd and bad; none the less so, because of the alleged reforming and corrective purpose overlaying it, which is speciously advanced. It plainly, and in our judgment intentionally, caters to a prurient taste, which it is the thinly disguised object of the author to incite; and associated, as it is, in the periodical where it appears, with certain articles on physical culture to which no objection perhaps can be made—although no such clean bill can be given to many things, articles as well as advertisements, which are there found—it is capable of doing incalculable harm; all the more so because it is intended to circulate among and attract the young, to whom the magazine is particularly addressed. We are clear that the publication—story, if not magazine—is of the obscene, lewd, and lascivious character which it was the object of Congress by the legislation in question to suppress. The standard is not the publications to which we are referred, which are said to be just as bad, but pass muster with some. The test is the tendency to deprave and corrupt the minds of those who are open to such influence, into whose hands the publication may come (Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 40 L. Ed. 606), of the existence of which corrupting tendency we have no doubt here.

Complaint is made that the defendant's requests were denied, to some of which, at least, it is said, no objection can be raised. But there were 22 of them, and they were presented so late, according to the record, that they could not be examined properly, which itself justifies the refusal of them as a whole, in addition to which they asked for instructions which, with perhaps one or two exceptions, which were fully covered in the general charge, the court could not under any circumstances be expected to give. In any view there was thus no error in the disposition of them which was made.

The judgment is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes